# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **NICOLE MUENCH SEIDEL**, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-17-0292 |
| **BOBBIE M. KIRBY**, *et al.*, | * | |
| Defendants | * | |

## **MEMORANDUM**

Plaintiffs are Maryland residents who have brought this action against five out-of-state Defendants in response to alleged abusive behavior that Defendants engaged in online. Defendants moved to dismiss Plaintiffs' complaint for failure to state a claim (ECF No. 7) and in response Plaintiffs amended their complaint (ECF No. 8). The Defendants now bring a second motion to dismiss, this time for lack of personal jurisdiction, improper venue, or, in the alternative, dismissal under the doctrine of *forum non conveniens* (ECF No. 13). Plaintiffs have responded in opposition to that motion and have moved to strike Defendants' motion to dismiss and, in the alternative, have moved for jurisdictional discovery (ECF No. 16). All parties have had the opportunity to respond, the issues are fully briefed, and there is no need to have a hearing to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). Defendants' motion to dismiss will be denied because Defendants waived their objection to personal jurisdiction, *see* Fed. R. Civ. P. 12(h), venue is proper under 28 U.S.C. § 1391(b)(2), and *forum non conveniens* generally only applies when "the alternative forum is abroad," *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994); *see also* Charles A. Wright & Arthur R. Miller, 14D Fed. Prac. & Proc. Juris.

§ 3828 (4th ed. 2017) (doctrine applies only when superior forum is in foreign country, or in rare circumstances in a state court or territorial court). For these reasons, Defendants' motion to dismiss will be denied by accompanying order. Plaintiffs' request for jurisdictional discovery is moot, and Plaintiffs' motion to strike will be denied.

## I.     *Factual and Procedural Background[1]*

Plaintiffs filed their first complaint on February 1, 2017 (Compl., ECF No. 1). This complaint was largely devoid of substance. Essentially, it alleged "upon information and belief" that Defendants were residents of various states and had "published and/or republished" defamatory statements about the Plaintiffs online. (*Id.*) Plaintiffs, after some delay, effected service of this complaint on Defendants on May 9. On receipt of this original complaint, Defendants would have had notice of at least two facts: (1) Plaintiffs alleged that they had defamed them in some way and invaded the Plaintiffs' privacy in some way, and (2) Plaintiffs brought this lawsuit in Maryland.

On June 1, Defendants moved to dismiss under Rule 12(b)(6), contending that Plaintiffs' threadbare and conclusory complaint failed to state a claim upon which relief could be granted. (Defs.' Mot. Dismiss Mem. Supp., ECF No. 7-1.) In response, Plaintiffs amended their complaint to include more specifics, such that it now provided more than vague and conclusory allegations. (First Am. Compl.) Briefly, Plaintiffs' grievance arises from defamatory and harassing behavior that the Defendants engaged in online in connection with a fan fiction forum and competition, targeted towards the Plaintiffs. (*See id.* Exs. A-E, ECF Nos. 8-1 through 8-6.) Plaintiffs did not allege that any Defendants engaged in any actions while in or from Maryland, but that the effects of the Defendants' actions were felt by the Plaintiffs in Maryland. (*See* First

---

[1] As this memorandum is evaluating a motion to dismiss, the facts are recited here as alleged by Plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

Am. Compl. ¶ 18.)  After receiving notice of the particulars of Plaintiffs' complaint against them, Defendants again moved to dismiss (ECF No. 13), this time on the grounds that the Court lacked personal jurisdiction, and that venue in Maryland would be improper, or that the case should be dismissed under the doctrine of *forum non conveniens*.

Plaintiffs replied in opposition to Defendants' second motion to dismiss, and also moved the Court to strike Defendants' objections to personal jurisdiction and venue (ECF No. 16).

## II.     *Applicable Legal Standards*

A motion to dismiss under Rule 12(b)(2) is a test of the Court's personal jurisdiction over the defendant.  "[W]hen, as here, the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (quoting *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

A motion to dismiss under Rule 12(b)(3) "requires a similar inquiry to that of Rule 12(b)(2)." *Trimgen Corp. v. Iverson Genetic Diagnostics, Inc.*, Civ. No. RDB-14-2850, 2015 WL 2165118 *2 (D. Md. May 7, 2015).  The burden of establishing proper venue is on the plaintiff, *id.*, and "all inferences must be drawn in favor of the plaintiff." *Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F. Supp. 2d 807, 809 (D. Md. 2008) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 1990)).  Objections to personal jurisdiction and venue can be waived if they were available to the defendant and not raised in the defendant's first motion to dismiss under Rule 12(b).  *See* Fed. R. Civ. P. 12(h).

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit has stated that Rule 12(f) motions are "generally viewed with disfavor." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). Plaintiffs styled their initial response to Defendants' second motion to dismiss as a motion to strike as well as simply a response in opposition to the Defendants' second motion. While the Court will consider Plaintiffs' contention that Defendants waived their right to challenge personal jurisdiction and venue as part of their general argument in opposition to Defendants' second motion to dismiss, because motions to strike are disfavored and the Plaintiffs have not pointed the Court in the direction of any redundant, immaterial, impertinent, or scandalous material in Defendants' motion, Plaintiffs' motion to strike will be denied.

### III. *Analysis*

The Court will first consider Defendants' objection to personal jurisdiction, then venue, and finally Defendants' request that the case be dismissed under *forum non conveniens*.

#### a. *Personal Jurisdiction*

The crux of the question of personal jurisdiction here is *not* the substance of Defendants' personal jurisdiction challenge, but whether the Defendants have waived their right to make such a challenge. Plaintiffs contend that by failing to raise this challenge in their first motion to dismiss under Rule 12(b)(6), Defendants consented to personal jurisdiction in Maryland. Defendants contend that because Plaintiffs amended their complaint, Defendants' prior motion to dismiss under Rule 12(b)(6) is moot and has no bearing on whether Defendants waived any defenses. Defendants are half right, but Plaintiffs are completely right, and because the Defendants consented to personal jurisdiction, the Court has jurisdiction over the Defendants.

Rule 12(g) provides that "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  Rule 12(h) further clarifies that a "party waives any defense listed in Rule 12(b)(2)-(5) [including defenses of lack of personal jurisdiction and improper venue] by . . . omitting it from a motion in the circumstances described in Rule 12(g)."  Rule 12(h) thus provides a "strict waiver policy" that gives way to one limited exception:  defendants do not waive an objection if that objection was not available to them when they first brought a motion under Rule 12(b).  *Lanehart v. Devine*, 102 F.R.D. 592, 594 (D. Md. 1984).  The dispositive question, then, is whether the defense of lack of personal jurisdiction was "available" to Defendants when they first filed a motion to dismiss under Rule 12(b)(6).

Defendants argue that the Plaintiffs' amended complaint renders their previous motion to dismiss moot, and they are correct.  *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001).  "[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."  *Id.* at 572 (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)).  The original pleading in this case therefore has no *legal* effect, but it may have some *factual* effect.  This is because regardless of how many times a complaint is amended, the standard of Rule 12(g) is the same.  If a defense was "available" to Defendants when they brought an earlier motion to dismiss, they have waived that defense.  *See Rowley v. McMillan*, 502 F.2d 1326, 1333 (4th Cir. 1974) ("An unasserted defense *available* at the time of response to an initial pleading may not be asserted when the initial pleading is amended." (emphasis added)).  The amendment of a complaint *may* permit a defendant to present a second (or third, or fourth…) defense under Rule 12(b) that the defendant had not previously raised, but if it did it would not be *because* the complaint was amended.  It would be because there were new facts or legal

5

claims in the new complaint that made a previously unavailable defense available. All that matters is what the Defendants knew and when. Or, put into the language of Rule 12, when Defendants filed their first motion under Rule 12(b), did they know enough about this case such that an objection to personal jurisdiction was "available" to them?

The Defendants are correct that the original complaint was so devoid of concrete allegations that it would be hard for anyone to conclude precisely what actions the Plaintiffs were pointing to that allegedly would give rise to a legal claim. The Defendants may therefore be correct that they did not have sufficient notice of Plaintiffs' claim such that an objection to *specific* jurisdiction was "available" to them. But the Defendants failed to address *general* jurisdiction, and that is where they make their error.

There are two types of personal jurisdiction, general and specific. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014). Specific jurisdiction stems from the activities which "g[a]ve rise to the liabilities sued on." *International Shoe Co. v. State of Wash.* 326 U.S. 310, 317 (1945). General jurisdiction arises when a defendant's activities in the forum state are so "continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). Defendants may therefore be correct when they assert that they "could not make an argument rebutting personal jurisdiction *under the three-prong test presented in Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2001)" because that is the test for establishing *specific jurisdiction*. (Defs.' Reply to Pls.' Opp'n 5-6, ECF No. 17 (emphasis added).) However, even if a defense on the grounds of lack of *specific jurisdiction* was not available at the time Defendants made their initial Rule 12(b) motion, a defense on the grounds of lack of *general jurisdiction* surely was. Upon receipt of the original complaint on May 9,

2017, Defendants were aware, at the very least, that this action was filed in Maryland, and that none of the Defendants have substantial connections, if any, to Maryland. It would not have been speculative or frivolous to raise an objection to personal jurisdiction on those grounds. By not raising this defense in their first Rule 12(b) motion in this case, Defendants consented to general personal jurisdiction and there is no need to determine whether specific personal jurisdiction is proper. *See American Fidelity Assurance Co. v. Bank of New York Mellon*, 810 F.3d 1234, 1243 n.6 (10th Cir. 2016) ("Having concluded [Defendant] waived its defense as to general jurisdiction, thereby permitting the district court to exercise personal jurisdiction over [Defendant], we need not consider whether the court could also exercise specific jurisdiction over [Defendant].")

### b. *Improper Venue*

Plaintiffs argue that Defendants waived both their objection to personal jurisdiction *and* venue by failing to raise these issues in Defendants' first Rule 12(b) motion. Again, the critical question is whether the defense of improper venue was *available* to the Defendants when they first moved to dismiss Plaintiffs' original complaint. Based on the Plaintiffs' original complaint, the answer is "no."

> Under federal law, venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The original complaint simply alleged that Defendants had "published and/or republished numerous defamatory statements, including but not necessarily limited to

7

statements falsely accusing Plaintiffs of cheating, engaging in hate speech and making death threats, 'other such bad conduct,' and/or engaging in unlawful/criminal conduct." Upon receipt of this complaint, Defendants would have been aware that venue in this district was not proper under either the first or third prong of Section 1391(b), as they would have known that none of them resided in Maryland, and that there are districts where the actions could have been brought pursuant to Section 1391(b)(1) – namely any of the five states where one of the Defendants resides. But they would not necessarily have known that venue was improper under Section 1391(b)(2), considering that the complaint could be referring to statements "published and/or republished" in a Maryland newspaper or magazine, or, considering the non-colloquial use of the term "publication" in the defamation context,[2] these could have been statements made out loud in Maryland, a scenario in which venue in this district would almost certainly have been proper. *See Snyder v. Phelps*, Civ. No. RDB-06-1389, 2006 WL 3081106 *8 (D. Md. Oct. 30, 2006). And it was Section 1391(b)(2) that appeared to be Plaintiffs' grounds for venue in this District. (*See* Compl. ¶ 8 (stating that venue is proper "since a substantial part of the acts or omissions giving rise to the action/claim occurred in this district.").)[3] Therefore, based on the information in the original complaint, Defendants did not have sufficient notice such that they had an

---

[2] "'Publication' in the law of defamation, is the communication of defamatory matter to a third person or persons." Maryland Law Encyclopedia, 14 M.L.E. Libel and Slander § 15.

[3] The Plaintiffs also suggested that venue would be proper in this district under Section "1391(c)" by which they likely meant Section "1391(b)(3)." (Compl. ¶ 8.) Defendants did not object to venue under Section 1391(b)(3) (or Section 1391(c), if such an objection is even possible), and perhaps therefore waived an objection to venue on that ground, in the same manner that their inability to object to general jurisdiction waived their ability to object to specific jurisdiction. Considering, however, that the Plaintiffs did not even properly cite the venue statute, let alone explain what facts would lead to there being no district where venue could be proper and why "at least one defendant is subject to personal jurisdiction in this Court" (*id.*) the Court finds that Defendants did not waive their objection to venue. Essentially, Plaintiffs' original complaint did not substantively address personal jurisdiction at all and therefore Defendants, by not raising any objection to personal jurisdiction, consented to jurisdiction. Plaintiffs' original complaint *did* suggest on what grounds Plaintiffs believed venue was proper, and Defendants did not have information available to object on those grounds. Furthermore, considering that the Court finds venue to be proper regardless, *see infra*, the Plaintiffs are not prejudiced in any way by the Court's consideration of the merits of Defendants' objection.

"available" defense of improper venue.[4] As such, Defendants did not waive this defense and the Court will consider its merits.

As noted above, venue in this district could only be proper, if at all, under Section 1391(b)(2), because Defendants are all residents of the United States and none of them are residents of Maryland. Section 1391(b)(2) is sometimes referred to as "transactional venue" because it is premised on the idea that venue is proper where a substantial amount of the action in the case occurred. *See* Charles A. Wright & Arthur R. Miller, 14D Fed. Prac. & Proc. Juris. § 3806 (4th ed.). At the outset, it is worth noting that "it is not necessary that a majority of the events occurred in the district where suit is filed, that the events in that district predominate, or that the chosen district is the 'best venue,' rather plaintiffs must show that a 'substantial part' of the events giving rise to their claims occurred in the chosen district." *Kelly v. Qualitest Pharms., Inc.*, No. CIV-F-06-116 AWI LJO, 2006 WL 2536627 *8 (E.D. Cal. Aug. 21, 2006). The question is not whether everything relevant to this case happened in Maryland – it clearly did not. The question is whether a substantial part of the events giving rise to this action "occurred" in this District.

That simple question belies a complicated reality: actions on the Internet can "occur" in many different places. When Defendants posted these allegedly defamatory statements did that

---

[4] The Defendants *may* have been aware of the essential facts behind Plaintiffs' allegations. Their assertion that they were completely unaware is belied by their own writing. In their first motion to dismiss, Defendants stated: "In their Complaint, the plaintiffs . . . sue the Defendants for alleged defamatory statements *made by Defendants on the Internet while using their online identities and/or screen names.*" (Def. Mot. Dismiss Mem. Supp. 1, ECF No. 7-1.) This admission proves that, while Defendants may not have been aware of the exact contours of Plaintiffs' claims, or what *specific* statements Plaintiffs were relying on as the basis of their allegations, the Defendants thought, when they filed their first motion to dismiss, that this was a defamation action premised on statements made by the Defendants on the Internet. Plaintiffs argue that this admission by the Defendants proves that they did in fact know what the substance of the Plaintiffs' claims were, and, by implication, the objection to venue that they mount *now* (essentially that these actions did not occur in the forum state) was available *then*. That is too much guess work for either the Court or the Defendants. Defendants may have had a hunch what this case was about, but that does not mean they needed to present a defense based on that hunch or waive it. It was not until Plaintiffs amended their complaint that the Court can say for certain Defendants were aware of the nature of these claims and thus could present the defense of improper venue that they present now.

"occur" in the states in which they typed the words? The states in which the servers are located? The states in which the public could read the statements? Or some other location entirely? This question of where venue is proper in a defamation action premised only on statements made by out-of-state defendants on the Internet has not been squarely dealt with in this District.[5] Still, relying on foundational principles of the law of torts and persuasive authority from other jurisdictions that have confronted this issue, the Court is satisfied that venue in the District of Maryland is proper.

When considering transactional venue for torts cases, courts will generally consider both where the activities arose *and* where the harm was felt. *See* Charles A. Wright & Arthur A. Miller, 14D Fed. Prac. & Proc. Juris. § 3806 (4th ed.). Determining where a tort of defamation "occurred" is somewhat akin to asking whether a tree falling in the forest makes a noise. When a defendant speaks to a reporter, gives a speech, or types something on a keyboard and posts it to an Internet forum, those actions "occur" wherever the defendant engaged in them. But if that material is never experienced by the plaintiff – if no one who knows the plaintiff reads it, no potential clients or business partners are dismayed by it and so forth – then did the tort of defamation truly "occur" at all? *See Norman v. Borison*, 17 A.3d 697, 705 n.10 (Md. 2011) (listing elements of defamation, which include making a defamatory statement "to a third person" and "that the plaintiff thereby suffered harm"); Maryland Law Encyclopedia, 14 M.L.E.

---

[5] In *Chambers v. Chambers*, Civ. No. RWT-11-765, 2011 WL 3512140 (D. Md. Aug. 8, 2011), defamatory statements were made over the Internet by non-resident defendants directed against a plaintiff who was a Maryland resident and venue was found to be proper in this District. 2011 WL 3512140 at *2. However, these statements in large part arose from a highly contentious estate proceeding that had occurred in Maryland. *Id.* at *1-*2. Here, the events that inspired the allegedly defamatory statements all occurred on the Internet. (*See, e.g.*, First Am. Compl. Ex. A (discussing alleged cheating as part of online fan fiction competition).) In *Snyder v. Phelps*, Civ. No. RDB-06-1389, 2006 WL 3081106 (D. Md. Oct. 30, 2006), out-of-state defendants directed defamatory statements at a plaintiff who was a Maryland resident and venue was found to be proper in this District. 2006 WL 3081106 at *1. However, the plaintiff's claim was also based on oral statements made by the defendants while physically in Maryland. In both of these cases, therefore, there was something more than *just* defamatory statements made on the Internet that would make it more convenient to litigate the action in Maryland. The Court is aware of no cases in this District or the Fourth Circuit that squarely address whether venue is proper when the only actions underlying the plaintiffs' claim were statements made on the Internet discussing events that took place on the Internet.

Libel and Slander § 15 ("The law of defamation primarily protects only the interest in reputation; therefore, *unless the defamatory matter is communicated to a third person, there has been no loss of reputation*, because reputation is the estimation in which one's character is held by his or her neighbors or associates." (emphasis added)). The legally relevant "occurrence" in a defamation action is where the *publication* occurred, i.e. where third persons were exposed to the material that would tend to damage the plaintiff's reputation. *See Doe v. U.S. Dept. of Justice,* 602 F. Supp. 871, 873 n.2 (D.D.C. 1983) ("Defamation occurs on publication."); *see also O'Malley v. NaphCare, Inc.*, 101 F. Supp. 3d 742, 751 (S.D. Ohio 2014) ("Under Ohio law, defamation occurs when a publication contains a false statement made with some degree of fault reflecting injuriously on a person's reputation." (quotations omitted)); *cf. Ziemkiewicz v. R+L Carriers, Inc.*, 996 F. Supp. 2d 378, 404 (D. Md. 2014) (quoting Restatement (Second) of Conflict of Laws § 145(1) (1971)) (noting that for choice of law purposes in defamation actions, it is the state law "where the *publication occurs* [that] determines the rights and liabilities of the parties." (emphasis added)).

This rule, that an act of defamation "occurs" where it is publicized such that it may harm a plaintiff's reputation, is of little help when the publication is effectively world-wide. *See Capital Corp Merchant Banking, Inc. v. Corp. Colocation, Inc.*, No. 6:07-CV-1626-ORL-19KRS, 2008 WL 4058014 *3 (M.D. Fla. Aug. 27, 2008) ("[B]ecause the harm from an online defamatory statement can occur in any place where the website or forum is viewed, no one forum should be expected to stand out as a particularly strong candidate for venue."). It would seem that, in the context of defamation publicized over the Internet, such a rule would make venue proper in any district in the United States. The venue statute, however, does not authorize venue in any district where *any* events that gave rise to the action occurred, but rather where a

*substantial part* of those actions occurred. Therefore, while it may not always be the case, the district in which a plaintiff resides is often going to be where the substantial part of the *harmful* publication occurred, i.e. where people are exposed to the material who may actually know the plaintiff or interact with him in a way that could be affected by the information. The Court therefore agrees with other courts that have held that "venue under section 1391(a)(2) is proper in the district where the injured party resides and the defamatory statements were published." *Id.* (citing cases); *see also Chambers v. Chambers*, Civ. No. RWT-11-765, 2011 WL 3512140 *6 (D. Md. Aug. 8, 2011) ("Plaintiff's injury is likely to be felt in Maryland. Therefore, a substantial part of the events that give rise to Plaintiff's claims occurred within this Court's jurisdiction."); *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 731 (W.D. Tex. 2015) (citing 14D Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Juris. § 3806 (4th ed.)); *Wieland v. John Rigby & Co., Inc.*, No. 4:09CV2100 JCH, 2010 WL 1528527 *1 (E.D. Mo. April 15, 2010) (finding that online defamatory statements "occurred" in the district because the website was accessible in that district and plaintiff resided there and was therefore harmed there).

Under Section 1391(a)(2) "it is possible for venue to be proper in more than one judicial district." *Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). The events giving rise to this action occurred in many places. It is the Court's job at this stage to determine whether *enough* of the events that gave rise to this action occurred in this District such that a "substantial part" of those events occurred in this District, making venue in this District proper under Section 1391(a)(2). *See Eakin v. Rosen*, No. CV215-42, 2015 WL 8757062 *4-*5 (S.D. Ga. Dec. 11, 2015) (stating that venue would likely have been proper where statements were published and plaintiffs lived even though venue was also proper in a different district). Because the allegedly defamatory statements here were published in Maryland and the Plaintiffs reside in Maryland,

the Court concludes that a substantial part of the events that gave rise to this action occurred in Maryland, and venue is proper in this District.

### c. *Forum non conveniens*

In the event that Defendants lost on their defenses of lack of personal jurisdiction or improper venue, they asked as a last resort that the case be dismissed under the doctrine of *forum non conveniens*. Unfortunately for Defendants, this argument of last resort does them no favors. "Congress has codified the doctrine [of *forum non conveniens*] and has provided for transfer [under 28 U.S.C. § 1404(a)], rather than dismissal, when a sister federal court is the more convenient place for trial." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007). In other words, the doctrine of *forum non conveniens* is only applicable when a party is arguing that the case should be dismissed or stayed pending resolution in a foreign court, i.e. not a "sister federal court." Therefore, "[t]he common-law doctrine of *forum non conveniens* has continuing application in federal courts only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Id.* (internal quotation marks, citations, and alterations omitted). This is not such a "rare instance," and in any event, the Defendants propose no state court that would serve as a superior forum.

### IV. *Conclusion*

Defendants' objection to personal jurisdiction was available to them when they first brought a motion to dismiss under Rule 12(b) and therefore they have waived that objection under Rule 12(h). Plaintiff's original complaint was devoid of specifics such that Defendants did not have an available objection to venue under 28 U.S.C. § 1391(b)(2), and so Defendants did not waive their objection to venue when they first moved to dismiss this case under Rule 12(b).

However, venue is proper in this District because the allegedly defamatory statements were published in this District and Plaintiffs reside here. Finally, *forum non conveniens* is inapplicable because Defendants do not contend that the case would be more conveniently litigated in a forum abroad or in a state court. For these reasons, Defendants' second motion to dismiss will be denied. Plaintiffs' motion to strike will be denied, and because this Court has jurisdiction over the Defendants, Plaintiffs' request for jurisdictional discovery is moot.

DATED this 26th day of October, 2017

BY THE COURT:

/s/
James K. Bredar
Chief Judge